IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES ADEYEMI | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.  AW-10-221 |
| SHERIFF OF PRINCE GEORGE'S CO. and MERRY WILEY | * | |
| | * | |
| Defendants | | |

\*\*\*

## MEMORANDUM

The above-captioned case was filed on  January 28, 2010, together with a Motion to Proceed in Forma Pauperis.  Because he appears to be indigent, Plaintiff's motion shall be granted.

Plaintiff states his claim has been tried against Defendants in the Circuit Court, Court of Special Appeals and the Court of Appeals for Maryland.  Paper No. 1 at p. 1.  He seeks "a new full trial with jury" concerning his eviction and related damages. *Id*. at p. 2.  This Court must abstain from entertaining the claims raised in the complaint. "Under the *Rooker-Feldman*[1] [abstention] doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *American Reliable Insurance v. Stillwell*, 336 F. 3d 311, 316 (4th Cir. 2003) *quoting Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).  The *Rooker-Feldman* doctrine is jurisdictional and, as such,  this Court is free to raise it *sua*

---

[1] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416  (1923).

*sponte*. *See Jordahl v. Democratic Party of Va.,* 122 F.3d 192, 197 n. 5 (4th Cir.1997).

Accordingly, the complaint must be dismissed by separate order which follows.


Date:  February 3, 2010                                     _____/s/_____
                                                            Alexander Williams, Jr.
                                                            United States District Judge